[This opinion has been posted in *Ohio Official Reports* at 81 Ohio St.3d 454.]

THE STATE EX REL. NICHOLLS *v*. INDUSTRIAL COMMISSION OF OHIO ET AL.

[Cite as *State ex rel. Nicholls v. Indus. Comm.*, 1998-Ohio-616.]

*Mandamus to compel Industrial Commission to vacate its denial of permanent total disability compensation and to reinstate the May 1994 order of the staff hearing officers awarding relator permanent total disability compensation—Writ granted, when.*

(No. 95-1421—Submitted January 20, 1998—Decided April 22, 1998.)

IN MANDAMUS.

{¶ 1} In 1958, relator-claimant, Raymond D. Nicholls, suffered a nonindustrial amputation of his right arm below the elbow. He was fitted with a prosthesis and shortly thereafter was hired by Continental Can Company, n.k.a. American National Can Company ("American Can"), respondent herein. He worked for American Can as a truck driver for the next thirty-five years.

{¶ 2} Claimant sustained a severe industrial injury to his left shoulder in 1989, which was allowed for "complete tear of left shoulder, rotator cuff tear, anterior impingement syndrome; chronic subacromial bursitis, acromioclavicular joint degenerative joint disease of left shoulder." Surgery in 1992 revealed that the rotator cuff tear was too massive to be repaired. Claimant also has a 1983 claim for a fractured left thumb, which injury occurred with another employer.

{¶ 3} In 1993, claimant moved respondent Industrial Commission of Ohio for permanent total disability compensation. He submitted reports from attending surgeon Dr. Louis J. Unverferth that certified claimant as permanently totally disabled.

{¶ 4} On March 3, 1994, commission specialist Dr. Robin G. Stanko wrote:

"[C]laimant is not capable of resuming his former position of employment as [a] trucker given his left shoulder and rotator cuff and the lifting involved with

this occupation. * * * [T]he claimant has a permanent impairment of 20% whole person * * *. [C]laimant could perform activity at sedentary work levels, that is, lifting up to 10 lb[s]. The claimant would have difficulty in occupations requiring lifting objects from below the level of the knee, from performing overhead and reaching activities; but would not be expected to experience difficulty with walking, sitting or standing as long as the latter were not required constantly throughout the work day. * * *"

{¶ 5} Dr. Stanko's report was reviewed by vocational consultant Molly S. Williams. She concluded that the claimant's combined medical and vocational profile rendered him unemployable.

{¶ 6} On May 3, 1994, commission staff hearing officers awarded claimant permanent total disability compensation, writing:

"The reports of [Dr.] Unverferth, Williams and [Dr.] Stanko were reviewed and evaluated. This order is based particularly upon the reports of [Dr.] Unverferth, Williams and [Dr.] Stanko.

"Robin G. Stanko, M.D., in a 3/3/94 report prepared on behalf of the Industrial Commission, indicates that the claimant is not capable of returning to his former work and is limited to secretary [*sic*, sedentary] work with limited lifting of 10 pounds. Dr. Stanko indicates the claimant would have difficulty with overhead activities and [reaching] below the level of the knee.

"The claimant is currently 57 years of age with work experience as a truck driver. The claimant does not have work experience in sedentary activities. In addition, Molly Williams, vocational consultant, indicates that the claimant is permanently and totally disabled.

"Based on the above stated information the claimant is found to be permanently and totally disabled."

{¶ 7} American Can moved the commission for reconsideration and accompanied its motion with a vocational report dated June 14, 1994, from Parman

& Associates, Inc. ("Parman"). The Parman report is disjointed and difficult to follow, with specific conclusions difficult to pin down. The vocational evaluator speculated as to the possibility of claimant's employment as a dispatcher or security guard, but repeatedly recommended further functional and vocational evaluations. At least once the report indicated that "[t]here is insufficient evidence in my opinion to make a decision in regard to the disability status of this claimant * * *." The report also stated:

"According to medical documentation by Dr. Unverferth and Dr. Stanko[,] the claimant possesses sedentary to light physical capacities level. His known work experience is semi-skilled as a truck driver and forklift operator with some clerical ability. Transferable Skills Analysis identified [that] he possesses the following transferable skills solely based on known work history: Average reasoning, low math, and average language development; Average general learning ability, form perception, clerical perception, motor coordination, manual dexterity, and eye/hand/foot coordination; above average spatial aptitude; below average verbal aptitude, numerical aptitude, finger dexterity and color discrimination. The claimant may possess higher degrees of these aptitudes and this could be assessed through a work/vocational evaluation. He has performed work requiring the temperament to perform repetitive work, working alone, attaining set standards and making judgments and decisions. He has demonstrated the ability to compile data, compare data; take instructions and help people; and drive-operate things. * * *

"Functional capacities provide evidence of the ability to perform some sedentary to light work. However, there is no detailed objective analysis [or] post-rehabilitation programming that defines specifically how adaptive he is with regard to his function. It is noted, however, that he is able to mow the yard and perform household activity. On this basis, in consideration of his work experience and based on the experience of this consultant, this claimant may be capable of performing work commensurate with activity performed by a dispatcher or security guard. This

type of job placement assistance can be further analyzed through a work/vocational evaluation. * * *"

{¶ 8} The commission granted reconsideration "based on the possibility of error in the previous Industrial Commission order." The commission, by a two-to-one vote, on March 20, 1995, then denied permanent total disability compensation, writing:

"* * * This order is based particularly upon the reports of Dr[s]. Stanko and Steiman, and Ms. Parman.

"Dr. Robin G. Stanko * * * stated that claimant retains the physical capacity to engage in sedentary employment requiring lifting up to ten pounds. Dr. Stanko indicated that the claimant has no functional restrictions against walking or sitting and that the claimant is capable of performing standing activities as long as they are not required constantly throughout the work day.

"Dr. Gerald S. Steiman * * * opined that the claimant does not have evidence of a permanent and total disability. Dr. Steiman indicated that the claimant has a moderate medical impairment of the left upper extremity which precludes the claimant from performing pushing and pulling activities, overhead work, or heavy lifting with his left arm.

"It is the finding of the Commission that the claimant's left thumb injury is not work prohibitive. The claimant's medical treatment for this injury consisted of a splint on his left thumb and four office visits. The claimant was released to return to work with no restrictions one month after the date of injury. In a report dated 4-30-85, Dr. James J. Wanken indicated that the claimant has only a 5% permanent partial disability as a result of the left thumb fracture. Additionally, the claimant worked for nine years after the date of the injury with his left hand. Given the foregoing, the Commission does not find that claimant's testimony at hearing or his affidavit dated 3-20-95 to be credible evidence of the disability resulting from his left thumb fracture.

"The claimant is 57 years old and is a high school graduate. The claimant's work experience consists of truck driver, forklift operator and some clerical work. Ms. Jamie L. Parman, Case Management Consultant, performed a vocational assessment of the claimant * * *. The test results indicated that the claimant possesses the following transferable skills from his known work history: average reasoning and language development, average general learning ability, form perception, clerical perception, motor coordination, and eye/hand/foot coordination, and above-average spatial aptitude. In addition, Ms. Parman noted that the claimant has the ability to compile data, compare data, take instructions, help people, drive/operate things, move materials, and transport materials. Ms. Parman concluded that the claimant has the capacity to engage in work as a dispatcher or security guard. Karl S. Shuster, M.Ed., adjusted the claimant's vocational profile based upon Dr. Unverferth's 6-93 opinion that the claimant possessed average finger dexterity. Mr. Shuster opined that the claimant can also reasonably perform the job duties of a counter clerk or usher.

"It is the finding of the Commission that the claimant retains the functional capacity to perform sedentary work. It is further the finding of the Commission that the claimant's high school education and transferable job skills are assets to reemployment in a sedentary position. The Commission also finds that the claimant's education and transferable skills enable him to be retrained to perform the job duties of either a dispatcher, security guard, counter clerk, or usher, positions which are sedentary in nature.

"Given the foregoing, it is the finding of the Commission that the allowed conditions in this claim do not prevent the claimant from engaging in some form of sustained remunerative employment."

{¶ 9} Claimant has filed an original action in mandamus in this court, alleging that the commission abused its discretion in denying his application for permanent total disability compensation.

_____

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy*, for relator.

*Betty D. Montgomery*, Attorney General, and *Michael Vanderhorst*, Assistant Attorney General, for respondent Industrial Commission.

*Thompson, Hine & Flory, Janis B. Rosenthal, Helen M. MacMurray* and *Philip B. Cochran*, for respondent American National Can Company.

_____

*Per Curiam*.

**{¶ 10}** Claimant contests the staff hearing officers' order on reconsideration on jurisdictional and evidentiary grounds. Our review supports the issuance of the requested writ on jurisdictional grounds.

**{¶ 11}** Commission Resolution No. R94-1-8 permits reconsideration of the commission's order in three instances: (1) unusual legal, medical, or factual questions of interest to the commission; (2) new, previously undiscoverable evidence; or (3) fraud. None of these conditions exists here.

**{¶ 12}** Fraud has never been alleged, leaving criteria one and two for our review. As to these latter criteria, the respondent employer claims that the possibility that claimant's nonallowed right arm amputation was considered was a legal question of interest to the commission, justifying reconsideration. This contention is rejected for two reasons.

**{¶ 13}** First, there is no legal question to be debated. There has never been a debatable question about the status of nonallowed conditions in a permanent total disability determination — these conditions have always been excluded. Second, *nothing* in the staff hearing officers' order on reconsideration suggests that nonallowed conditions were even considered.

**{¶ 14}** The employer responds that the Parman vocational report—submitted with its reconsideration request—was new, previously undiscoverable

evidence. This, too, lacks merit, for while the report was "new" in terms of its submission date, it was not previously undiscoverable. The employer could have "discovered" the vocational evidence it sought months earlier, had it not waited until the adjudicatory process was well under way before seeking a vocational evaluation.

{¶ 15} The commission, therefore, violated the terms of its own resolution in exercising reconsideration jurisdiction.

{¶ 16} In addition, R.C. 4123.52 states:

"The jurisdiction of the industrial commission * * * over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion, is justified."

{¶ 17} The commission claims that reconsideration was "in its opinion justified," making it, therefore, proper. This claim has no merit. Continuing jurisdiction is not unlimited. *State ex rel. B & C Machine Co. v. Indus. Comm.* (1992), 65 Ohio St.3d 538, 605 N.E.2d 372. Its prerequisites are (1) new and changed circumstances, (2) fraud, (3) clear mistake of fact, (4) clear mistake of law, or (5) error by inferior tribunal. *State ex rel. Cuyahoga Hts. Local School Dist. Bd. of Edn. v. Johnston* (1979), 58 Ohio St.2d 132, 12 O.O.3d 128, 388 N.E.2d 1383; *State ex rel. Kilgore v. Indus. Comm.* (1930), 123 Ohio St. 164, 174 N.E. 345; *State ex rel. Weimer v. Indus. Comm.* (1980), 62 Ohio St.2d 159, 16 O.O.3d 174, 404 N.E.2d 149; *State ex rel. Manns v. Indus. Comm.* (1988), 39 Ohio St.3d 188, 529 N.E.2d 1379*; B & C Machine.*

{¶ 18} None of these prerequisites exists here. Again, there has been no allegation of new and changed circumstances or fraud. There is also no *clear* error of any kind. The reconsideration order cites only the *possibility* of error, and an unspecified error at that.

**{¶ 19}** Our approval of the staff hearing officers' order on reconsideration would effectively give the commission unrestricted jurisdiction. Error is always possible, and its existence cannot be refuted when the commission is not made to reveal what the perceived error is. We find, therefore, that the mere possibility of unspecified error cannot sustain the invocation of continuing jurisdiction.

**{¶ 20}** The commission, therefore, abused its discretion in examining anew the merits of claimant's application for permanent total disability compensation. Accordingly, a writ of mandamus is hereby granted, and the commission is ordered to vacate its denial of permanent total disability compensation and to reinstate the May 1994 order of the staff hearing officers.

*Writ granted.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————