[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 268.]

THE STATE EX REL. CHAFFINS, APPELLANT, *v.* INDUSTRIAL COMMISSION OF

OHIO; HAYES ALBION CORPORATION, APPELLEE.

[Cite as *State ex rel. Chaffins v. Indus. Comm*., 1998-Ohio-243.]

*Workers' compensation—Award of wage loss compensation by Industrial Commission—Possibility of unspecified error by commission not a proper basis for the exercise of reconsideration jurisdiction.*

(No. 95-2303—Submitted June 10, 1998—Decided July 1, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 94APD09-1380.

_____

{¶ 1} On October 29, 1991, appellant-claimant, Linda S. Chaffins, applied for wage loss compensation pursuant to R.C. 4123.56(B). A regional board of review granted claimant's motion on August 2, 1993, and staff hearing officers of the Industrial Commission of Ohio affirmed on October 6, 1993.

{¶ 2} Claimant's employer, appellee, Hayes Albion Corporation, moved the commission for reconsideration. Reconsideration was initially denied by a staff hearing officer as "the request [does] not meet any of the criteria set forth in Industrial Commission Resolution R-92-1-3(D)(1)(a) or (b)." The commission, however, vacated its order of October 6, 1993 and granted reconsideration "based on the possibility of an error in the previous Industrial Commission order." Reconsideration on the merits resulted in a denial of claimant's wage loss application.

{¶ 3} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in both granting reconsideration and subsequently denying wage loss compensation. The court of appeals ruled that the commission did not abuse its discretion in granting reconsideration. It did, however, find that the commission failed to specifically

address claimant's eligibility for wage loss compensation for a brief closed period. The court granted the writ in part, and returned the cause to the commission for further consideration of that issue. The rest of the requested writ was denied.

{¶ 4} This cause is now before this court upon an appeal as of right.

————————————

*Gallon & Takacs Co., L.P.A.*, and *Thomas J. Schaffer*, for appellant.

*Chernesky, Heyman & Kress* and *Melanie R. Mackin*, for appellee.

————————————

**_Per Curiam._**

{¶ 5} In *State ex rel. Nicholls v. Indus. Comm*. (1998), 81 Ohio St.3d 454, 692 N.E.2d 188, we held that the possibility of unspecified error is not a proper basis for the exercise of reconsideration jurisdiction. The commission, therefore, abused its discretion in vacating the August 2, 1993 regional board and October 6, 1993 staff hearing officers' orders in which wage loss compensation was awarded. Given this determination, we find it unnecessary to address claimant's remaining propositions.

{¶ 6} The judgment of the court of appeals is reversed, and the writ is granted.

*Judgment reversed*
*and writ granted*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————