[Cite as *State ex rel. Toledo Refining Co., L.L.C. v. Indus. Comm.*, 2021-Ohio-2829.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Toledo Refining Company LLC,  :

      Relator,                       :

                                                  No. 20AP-199

v.                               :

                                           (REGULAR CALENDAR)

Industrial Commission of Ohio et al.,  :

      Respondents.              :

D E C I S I O N

Rendered on August 17, 2021

**On brief:** *Eastman & Smith Ltd.*, *Kimberly S. Kondalski*, and *William D. Holt*, for relator.

**On brief:** *Dave Yost*, Attorney General, and *Kevin J. Reis*, for respondent Industrial Commission of Ohio.

**On brief:** *The Bainbridge Firm*, *LLC*, *Lauren N. Osgood*, and *Jacob B. Brandt*, for respondent Bradley Beach.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

JAMISON, J.

{¶ 1} Relator, Toledo Refining Company LLC ("relator"), has filed this original action requesting this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to issue an order vacating its March 7, 2020 refusal order; vacating its January 30, 2020 order; vacating the staff hearing officer's ("SHO") September 27, 2019 order; and determining that continuing jurisdiction does not exist under R.C. 4123.52 to consider the April 3, 2018 First Report of an Injury, Occupation Disease or Death application ("FROI-1(1)") and the January 18, 2019 First Report of an

Injury, Occupation Disease or Death application ("FROI-1(2)") of respondent, Bradley L. Beach ("claimant"), or alternatively, compelling the commission to issue an order consistent with its majority's determination that this claim for a March 1, 2018 injury should not be allowed, or alternatively, compelling the commission to issue an order finding that res judicata precluded any further consideration of the claim.

## I. PROCEDURAL HISTORY

{¶ 2} This matter was referred to a magistrate pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law, and recommended this court deny relator's request for a writ of mandamus. The magistrate concluded that the commission did not abuse its discretion when it exercised continuing jurisdiction in this matter and granted claimant the right to participate in the workers' compensation system for the allowed condition: "concussion without loss of consciousness and post-concussion syndrome." (SHO's Sept. 27, 2019 Order at 1, Stipulation of Evidence at 20984-L19.) Accordingly, the magistrate recommended that we deny the requested writ of mandamus. Relator timely filed objections to the magistrate's decision.

## II. OBJECTIONS

{¶ 3} Relator filed the following objections to the magistrate's decision:

1) The Magistrate erred in concluding TRC's request for reconsideration failed for lack of a majority vote.

2) The Magistrate erred in finding the Staff Hearing Officer's September 27, 2019 corrected order complies with the Noll case.

3) The Magistrate erred in finding the Staff Hearing Officer's September 27, 2019 corrected order "implicitly" addresses the res judicata issue.

4) The Magistrate erred in finding there is no internal inconsistency in the Staff Hearing Officer's September 27, 2019 corrected order.

5) The Magistrate erred in using the wrong legal standard in his res judicata analysis and incorrectly applied the law to the facts.

6) The Magistrate erred finding the *Linda Greene* case applies to this matter.

7) The Magistrate erred in finding the SHO had any continuing jurisdiction in this matter.

## III. DISCUSSION

### A. Objection No. 1

{¶ 4}  In relator's first objection, relator contends that the magistrate erred in finding that relator's request for reconsideration failed for lack of a majority vote. Relator contends that an examination of the commissioners' reasoning as set forth in the January 30, 2020 order shows two of the three commissioners agreed that the SHO's September 27, 2019 order should be vacated.  Relator's argument overlooks the dispositive language in the commission's order, which reads in relevant part as follows:

> Pursuant to R.C. 4121.03(A) and 4123.36, it is the order of the Commission that the *Employer's Request for Reconsideration*, filed 11/04/2019, from the Staff Hearing Officer order, issued 09/27/2019, *fails for lack of a majority vote of the members of* the Commission. Therefore, the Staff Hearing Officer order, issued 09/27/2019, remains a final order of the Industrial Commission.

 (Emphasis added.) (Jan. 30, 2020 Order at 2, Stipulation of Evidence at 20984-M74.)

{¶ 5}  The January 30, 2020 order unequivocally states that reconsideration "fails for lack of a majority vote." (Order at 2.)  All three of the commissioners signed the order. Because all three commissioners agreed there was no majority vote, there is no need to examine or reconcile the divergent opinions expressed in the body of the order.  *See State ex rel. Premix v. Indus. Comm.*, 10th Dist. No. 93APD12-1665, 1995 Ohio App. LEXIS 467 (Feb. 9, 1995)  (This court overturned a commission order which clearly vacated a prior ruling by a deputy commissioner because the order was signed by only two of the five commissioners.).  The SHO's September 27, 2019 order represents the final determination of the commission in this matter.

{¶ 6}  Accordingly, we agree with the magistrate that reconsideration failed for the lack of a majority vote, but for different reasons than the magistrate.  Relator's first objection is overruled.

### B. Objection No. 7

{¶ 7} For purposes of clarity, we will consider relator's remaining objections out of order. In the seventh objection, relator contends that the magistrate erred in finding that the commission did not abuse its discretion or commit an error of law when it exercised continuing jurisdiction in this matter. We disagree.

{¶ 8} In our view, the commission's continuing jurisdiction is supported by R.C. 4123.52(A) as explained and applied by the Supreme Court of Ohio in *State ex rel. Nicholls v. Indus. Comm.*, 81 Ohio St.3d 454, 459 (1998) and *Ward v. Kroger Co.*, 106 Ohio St.3d 35, 2005-Ohio-3560.

{¶ 9} The magistrate summarized the relevant findings in the SHO's September 27, 2019 order granting claimant's FROI-1(1) and FROI-1(2) as follows:

> The SHO found the following: (1) claimant showed continuing jurisdiction was in order to address allowance of the claim; (2) claimant sustained an industrial injury in the course and scope of employment; (3) the claim is allowed for concussion without loss of consciousness and post-concussion syndrome; and (4) the SHO relies upon the July 15, 2019, report of Dr. Borrillo, the January 17, 2019, treatment note of Dr. Gonzalez, and the November 23, 2018, and July 31, 2019, reports of Dr. Wynkoop. With regard to the FROI-1(2), the SHO found the following: (1) the exercise of continuing jurisdiction is proper; *(2) at the time of the initial adjudication by the administrator, it was not known that claimant suffered any physical injury; (3) claimant's physical injuries were not diagnosed until he was treated by Dr. Wynkoop on November 23, 2018, which was more than seven months after the administrator's determination and order; (4) claimant could not have known about his physical injuries with due diligence at the time of the initial adjudication*; and (5) claimant filed a timely application after his physical injuries became known. The SHO found that the claim was allowed for concussion without loss of consciousness and post-concussion syndrome.

(Emphasis added.) (App'x at ¶ 50.)

{¶ 10} "R.C. 4123.52(A) provides, 'The jurisdiction of the industrial commission * * * over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is

justified.'  This continuing jurisdiction is limited and may be invoked only when there is evidence of '(1) *new and changed circumstances*, (2) fraud, (3) clear mistake of fact, (4) clear mistake of law, or (5) error by [an] inferior tribunal.' " (Emphasis added.)  *State ex rel. Neitzelt v. Indus. Comm.*, 160 Ohio St.3d 175, 2020-Ohio-1453, ¶ 11, quoting *State ex rel. Nicholls* at 458-59.  The magistrate determined that the evidence in the administrative record supported the commission's decision to exercise continuing jurisdiction in this matter.  The magistrate rejected relator's argument that the newly diagnosed blast concussion injury could not be considered new and changed circumstances justifying the exercise of continuing jurisdiction.  The magistrate also discussed and cited the specific evidence in the administrative record that supported continuing jurisdiction based on new and changed circumstances.  We agree with the magistrate.

{¶ 11} Moreover, in *Ward*, the Supreme Court of Ohio closely examined the commission's continuing jurisdiction and made the following observations:

> A claimed right of participation in the fund is not a generic request. There is no such thing as a workers' compensation claim for "an injury." A workers' compensation claim is simply the recognition of the employee's right to participate in the fund for a specific injury or medical condition, which is defined narrowly, and it is only for that condition, as set forth in the claim, that compensation and benefits provided under the act may be payable. Nor is the right to participate an all-encompassing one-time final determination. *The grant or denial of the right to participate for one injury or condition does not preclude a subsequent claim for participation in the fund based on another injury or condition arising out of the same industrial accident.* But any such claim must be initiated before the Industrial Commission. Unlike tort actions, workers' compensation cases are open and ongoing, subject to the continuing jurisdiction of the administrative agencies. See R.C. 4123.52 * * *.

(Emphasis added.)  *Ward* at ¶ 10.

{¶ 12} In *Ward*, the Supreme Court advised that "each injury or condition that is alleged to give the claimant a right to participate in the Workers' Compensation Fund must be considered as a separate claim." *Id.* at ¶ 11. Here, claimant's initial FROI-1(1), filed April 3, 2018, sought an allowance for the condition of PTSD caused by the industrial

accident on March 1, 2018. Claimant's FROI-1(2), filed January 18, 2019, sought an allowance for "blast concussion," a newly diagnosed condition allegedly caused by the same industrial accident. (Stipulation of Evidence at 20984-I86.) Under *Ward,* even though claimant did not appeal from the BWC's initial denial of claimant's FROI-1(1), the commission was free to exercise continuing jurisdiction of claimant's FROI-1(2) because it sought an allowance for a distinctly different condition allegedly caused by the March 1, 2018 industrial accident.

{¶ 13} Because the magistrate correctly concluded that the commission did not abuse its discretion or commit an error of law in exercising continuing jurisdiction in this case, we overrule relator's seventh objection.

**C. Objection No. 6**

{¶ 14} In relator's sixth objection, relator contends that the magistrate erred in concluding that this court's decision in *Greene v. Conrad*, 1oth Dist. No. 96APE12-1780, 1997 Ohio App. LEXIS 3714 (Aug. 21, 1997) applied to the facts of this case.

{¶ 15} In *Greene*, a BWC claims examiner denied claimant's application for benefits because claimant failed to provide requested medical information substantiating the work-related injury. No administrative appeal was taken from this decision. Subsequently, the claimant filed an identical application which was denied by the BWC on the basis of res judicata. Claimant exhausted the administrative appeals process before filing a complaint in common pleas court pursuant to R.C. 4123.512. The common pleas court granted summary judgment in favor of the employer on the basis of res judicata. This court reversed upon concluding "the mere administrative processing of [claimant's] application under R.C. 4123.511(B)(1) by the bureau's claims examiner, which culminated in the denial of the claim for failure to provide requested information, was not an adjudication by a judicial or quasi-judicial entity entitled to res judicata effect." *Id.*

{¶ 16} *Greene* stands for the proposition that when a claimant fails to appeal from a BWC order denying claimant's right to participate in the workers' compensation system for a particular condition, res judicata will not bar claimant from subsequently seeking an allowance for the same condition if the prior denial was not an adjudication on the merits. Here, claimant's initial FROI-1(1), filed April 3, 2018, sought an allowance for the condition

of PTSD allegedly caused by the industrial accident on March 1, 2018. Claimant's FROI-1(2), filed January 18, 2019, sought an allowance for the newly diagnosed condition of "blast concussion" allegedly caused by the same industrial accident. Because FROI-1(1) and FROI-1(2) sought allowances for different conditions, the *Greene* case is distinguishable.[1] Having determined, however, that R.C. 4123.52 provided the commission with continuing jurisdiction in this matter, any error with regard to the application of the *Greene* decision could not have prejudiced relator.

{¶ 17} Accordingly, we overrule relator's sixth objection.

### D.   Objection Nos. 3 and 5

{¶ 18} Because relator's third and fifth objections involve the affirmative defense of res judicata we will consider them together. In both of these objections, relator challenges the magistrate's conclusion that res judicata did not operate as a bar in this case. The magistrate considered and rejected the arguments raised in these two objections. In so doing, the magistrate's noted:

> Although res judicata may apply in quasi-judicial administrative proceedings, *see State ex rel. Schachter v. Ohio Pub. Emps. Retirement Bd.*, 121 Ohio St.3d 526, 2009-Ohio-1704, ¶ 29, the defense of res judicata has a limited application in workers' compensation matters because of the commission's continuing jurisdiction in certain circumstances. *State ex rel. B.O.C. Group, Gen. Motors Corp. v. Indus. Comm.*, 58 Ohio St.3d 199, 200 (1991). The commission has broad authority under R.C. 4123.52 when exercising continuing jurisdiction, and the commission may make a modification or change to former findings or orders as, in its opinion, is justified.

 (App'x at ¶ 69.)

{¶ 19} The magistrate applied the above-cited legal principle in concluding that res judicata did not apply. We agree with the magistrate, and for the additional reasons set forth in our discussion of relator's seventh objection, we find that the commission did not abuse its discretion or commit an error of law when it determined that res judicata was inapplicable. Relator's third and fifth objections are overruled.

---

[1] We also agree with relator that *Greene* is distinguishable because BWC considered claimant's medical evidence in support his FROI-1(1), but disallowed the claim due to claimant's failure to allege and prove that he suffered a physical injury caused by the March 1, 2018 industrial accident.

**E.  Objection No. 4**

{¶ 20} In relator's fourth objection, relator contends that the magistrate erred in determining that the SHO's order granting FROI-1(1) and FROI-1(2) was internally consistent.  The magistrate considered and rejected relator's argument regarding the alleged inconsistency in the SHO's order.  We agree with the magistrate and for the reasons set forth in the magistrate's decision, we overrule relator's fourth objection.  We further note that, even though claimant's FROI-1(1) and FROI-1(2) sought allowances for different conditions caused by the same industrial accident, the SHO's September 27, 2019 order granted an allowance for a single condition: concussion without loss of consciousness and post-concussion syndrome.  Thus, there is no inconsistency or confusion with regard to the allowed condition in the claim.

**F.  Objection No. 2**

{¶ 21} In relator's second objection, relator contends that the magistrate erred in finding the SHO's September 27, 2019 order complies with *State ex rel. Noll v. Indus. Comm.*, 57 Ohio St.3d 203 (1991).  The magistrate considered and rejected this argument.  We agree with the magistrate, and for the reasons set forth in the magistrate's decision, we overrule the second objection.

## IV.  CONCLUSION

{¶ 22} On examination of the magistrate's decision, an independent review of the record pursuant to Civ.R. 53, and consideration of relator's objections, we find the magistrate has properly determined the facts and correctly applied the relevant law, with the exceptions noted herein.  Accordingly, we adopt the magistrate's decision as our own, as modified herein, overrule relator's objections, and deny the requested a writ of mandamus.

*Objections overruled;*
*writ of mandamus denied.*

KLATT and SADLER, JJ., concur.

_____

# **A P P E N D I X**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Toledo Refining Company LLC,  :

          Relator,                                  :

v.                                                            :                        No. 20AP-199

Industrial Commission of Ohio et al.,          :                    (REGULAR CALENDAR)

          Respondents.                              :

---

M A G I S T R A T E ' S   D E C I S I O N

Rendered on March 15, 2021

---

*Eastman & Smith LTD., Kimberly S. Kondalski,* and *William D. Holt,* for relator. .

*Dave Yost,* Attorney General, and *Kevin J. Reis,* for respondent Industrial Commission of Ohio.

*The Bainbridge Firm, LLC, Lauren N. Osgood,* and *Jacob B. Brandt,* for respondent Bradley Beach.

---

IN MANDAMUS

**{¶ 23}** Relator, Toledo Refining Company LLC ("employer"), has filed this original action requesting this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to issue an order vacating its March 7, 2020, refusal order; vacating its January 30, 2020, order; vacating the staff hearing officer's ("SHO") September 27, 2019, order; and determining that continuing jurisdiction does not exist under R.C. 4123.52 to consider the April 3, 2018, First Report of an Injury, Occupation Disease or Death application ("FROI-1(1)") and the January 18, 2019, First Report of an

Injury, Occupation Disease or Death application ("FROI-1(2)") of respondent, Bradley L. Beach ("claimant"), or alternatively, compelling the commission to issue an order consistent with its majority's determination that this claim for a March 1, 2018, injury should not be allowed, or alternatively, compelling the commission to issue an order finding that res judicata precluded any further consideration of the claim.

Findings of Fact:

{¶ 24} 1. On March 1, 2018, claimant was in the course of his employment with employer when a furnace exploded near claimant.

{¶ 25} 2. Claimant went to the employer's medical department after the incident, where Andrea Kistner, CNP, appreciated no injury to claimant resulting from the explosion and instructed claimant to return the next day.

{¶ 26} 3. On March 2, 2018, claimant returned to the employer's medical department, where he denied suffering from any pain but was experiencing achy pressure in both ears, which he stated could be from allergies.

{¶ 27} 4. On April 2, 2018, claimant returned to the employer's medical department. The office note from that visit indicates the following: (1) claimant spoke with the employer's human resources department manager on March 30, 2018, and expressed that the explosion had caused him increased anxiety and he was unable to control his emotions; (2) the manager gave him employee assistance program ("EAP") information to pursue counseling; (3) another explosion occurred near him, causing him to be anxious and experience sleep difficulties; and (4) claimant should not return to work until he sees the EAP physician the next day.

{¶ 28} 5. On April 3, 2018, claimant went to Andrew Freeman, LISW. In the report of the same date, Freeman indicated the following: (1) claimant should not return to work for one month; and (2) claimant will have weekly therapy sessions to address his anxiety and panic attacks.

{¶ 29} 6. On April 3, 2018, the employer went to Sue Jaros, CNP. In her report of the same date, Jaros found claimant was suffering from post-traumatic stress syndrome ("PTSD") and referred him to Tim Valko, M.D.

{¶ 30} 7. On April 3, 2018, claimant completed FROI-1(1), in which claimant indicated that he was suffering from mental stress/panic attacks due to the furnace explosion, and Jaros diagnosed claimant suffered from PTSD.

{¶ 31} 8. On April 6, 2018, claimant saw Dr. Valko. In his report of the same date, Dr. Valko indicated the following: (1) claimant described severe anxiety and panic attacks that started after the furnace explosion; and (2) a work release was signed to relieve claimant from work for two weeks.

{¶ 32} 9. On April 26, 2018, the Ohio Bureau of Workers' Compensation ("BWC") issued an order denying the FROI-1(1) claim for PTSD. In the order, the BWC found the following: (1) the evidence does not support a finding that claimant sustained a physical injury or has contracted an occupational disease; and (2) claimant has not met his burden of proof.

{¶ 33} 10. Claimant did not appeal the April 26, 2018, order.

{¶ 34} 11. In a November 14, 2018, report, Dr. Valko indicated that claimant asked to be evaluated for a concussion, and Dr. Valko referred him for testing.

{¶ 35} 12. On November 23, 2018, claimant saw Tim Wynkoop, Ph.D., for a neuropsychological evaluation, and in his report of the same day, Dr. Wynkoop found the following: (1) claimant reported problems with concentration and short-term memory, irritability and anxiety, dizziness and loss of balance, headaches, insomnia, fatigue, panic attacks, nightmares, intrusive memories, and occasional flashbacks of the furnace explosion; (2) claimant described confusion, clouded consciousness, and brief amnesia at the time of the explosion; (3) claimant endorses symptoms of PTSD with associated stress, ruminative anxiety, and depression; (4) the neurocognitive test findings are expected from a blast injury to the brain; and (5) diagnostic impressions included blast injury related post-concussion syndrome with physical and likely somatic influences and blast-related PTSD. Dr. Wynkoop's recommendations included the following: (1) psychological therapy; (2) neurologic consultation with imaging; (3) assignment to safe duties at work for foreseeable future; (4) neurocognitive rehabilitation via speech and/or occupational therapy; and (5) a follow-up neuropsychological evaluation in a year.

{¶ 36} 13. On January 17, 2019, Carmela Gonzalez, M.D., completed a treatment note that indicated as follows: (1) claimant appeared for evaluation of headaches that started after the furnace explosion; (2) claimant stated the headaches started shortly after the blast but was initially mild until October 2018; and (3) claimant will be referred for an MRI of the brain.

{¶ 37} 14. On January 18, 2019, claimant submitted FROI-1(2), in which he alleged he sustained a blast concussion from the furnace explosion.

{¶ 38} 15. On February 25, 2019, the employer denied certification of the FROI-1(2) claim. Claims FROI-1(1) and FROI-1(2) were subsequently combined.

{¶ 39} 16. On March 12, 2019, claimant filed a C-86 motion requesting allowance of concussion based upon the March 1, 2018, explosion.

{¶ 40} 17. On March 13, 2019, Ronald Bloomfield, M.D., completed a file review at the request of the BWC, finding the following: (1) the medical evidence did not support concussion without loss of consciousness; (2) the history provided to Dr. Gonzalez was significantly different from the history obtained the day of the injury; on the date of the injury, as well as the day after, he was noted to be doing well; (3) Dr. Bloomfield stated there was not a delayed concussion, as diagnosed by Dr. Wynkoop, without a head injury and/or concussion; and (4) there was no hearing deficit, no head injury, no concussion, and no post-concussion syndrome.

{¶ 41} 18. On March 13, 2019, the BWC recommended that the C-86 be denied based on the BWC physician review from Dr. Bloomfield. The BWC referred FROI-1(2) for a hearing based upon employer's certification rejection.

{¶ 42} 19. On March 22, 2019, claimant filed an appeal of the order of "3/22/2019."

{¶ 43} 20. On March 23, 2019, the commission issued an ex parte order dismissing the C-86 motion as moot because the claim had been previously disallowed, noting that the claim is disallowed per the administrator's order of April 26, 2018.

{¶ 44} 21. On April 23, 2019, a hearing on claimant's March 22, 2019, appeal addressing the injury allowance and continuing jurisdiction took place before a District Hearing Officer ("DHO").

{¶ 45} 22. On April 26, 2019, the DHO issued an order continuing jurisdiction to hear claimant's March 22, 2019, appeal due to new and changed circumstances since the administrator's April 26, 2018, order. The DHO found the following: (1) the claim was denied for PTSD; (2) since the order, claimant submitted evidence that he suffered a concussion from the same work injury; and (3) claimant alleged the condition developed after the administrator published the order; therefore, the new evidence could not have been discovered with exercise of due diligence. As to the merits, the DHO disallowed the claim, finding the following: (1) claimant failed to sustain his burden of proving he sustained an injury in the course of and arising out of his employment; (2) claimant was not diagnosed with any type of brain injury until he saw Dr. Wynkoop on November 23, 2018; (3) Dr. Bloomfield's March 13, 2019, report, in which he opined that the medical evidence in the claim file is insufficient to support a head injury, was persuasive. Claimant and the employer appealed the order.

{¶ 46} 23. On July 15, 2019, Donato Borrillo, M.D., issued a report, in which he opined that claimant suffered a concussion and now suffers from post-concussion syndrome from the furnace explosion.

{¶ 47} 24. On July 15, 2019, Gerald Steiman, M.D., issued a report, based upon a review of medical records, in which he indicated the diagnoses of a concussion, post-concussion, and concussion without loss of consciousness lacked validity.

{¶ 48} 25. On July 31, 2019, Dr. Wynkoop issued a report, in which he explained his November 23, 2018, diagnostic impressions and addressed various medical reports from Drs. Steinman, Valko, and Gonzalez. Dr. Wynkoop concluded that he still agreed with his November 23, 2018, conclusions and recommendations, and he still believed claimant suffered a blast-related brain injury and was suffering post-concussion and post-traumatic-stress symptoms when he saw claimant on November 23, 2018.26. On August 28, 2019, Dr. Steiman, issued a report and found, based upon a review of the medical records of Drs. Valko, Borrillo, and Wynkoop, claimant did not suffer a concussion, concussion without loss of consciousness, or post-concussion syndrome.

{¶ 49} 27. On September 5, 2019, an SHO heard the appeals. The SHO issued a September 25, 2019, interlocutory order, in which the SHO found the DHO order from the

April 23, 2019, hearing is vacated. The SHO found the issue of continuing jurisdiction is moot because: (1) claimant filed the FROI-1(1) requesting PTSD, but this request was denied on April 26, 2018, due to claimant's failure to allege physical injuries; and (2) the FROI-1(2) request, which alleged the physical injury of blast concussion, was substantially different and alleged qualitatively different injuries than the FROI-1(1) request. The SHO referred the matter back to the administrator for adjudication of FROI-1(2), finding the administrator had not had an opportunity to make any findings regarding an alleged physical injury.

{¶ 50} 28. On September 27, 2019, the SHO issued a corrected order, vacating the September 25, 2019, order. The SHO ordered that FROI-1(1) be granted. The SHO found the following: (1) claimant showed continuing jurisdiction was in order to address allowance of the claim; (2) claimant sustained an industrial injury in the course and scope of employment; (3) the claim is allowed for concussion without loss of consciousness and post-concussion syndrome; and (4) the SHO relies upon the July 15, 2019, report of Dr. Borrillo, the January 17, 2019, treatment note of Dr. Gonzalez, and the November 23, 2018, and July 31, 2019, reports of Dr. Wynkoop. With regard to the FROI-1(2), the SHO found the following: (1) the exercise of continuing jurisdiction is proper; (2) at the time of the initial adjudication by the administrator, it was not known that claimant suffered any physical injury; (3) claimant's physical injuries were not diagnosed until he was treated by Dr. Wynkoop on November 23, 2018, which was more than seven months after the administrator's determination and order; (4) claimant could not have known about his physical injuries with due diligence at the time of the initial adjudication; and (5) claimant filed a timely application after his physical injuries became known. The SHO found that the claim was allowed for concussion without loss of consciousness and post-concussion syndrome.

{¶ 51} 29. The employer appealed the corrected order, and the commission refused the appeal on October 17, 2019.

{¶ 52} 30. On November 4, 2019, the employer filed a request for reconsideration.

{¶ 53} 31. On November 27, 2019, the commission issued an interlocutory order, in which it vacated its October 17, 2019, refusal order and set the request for reconsideration for a hearing before the members of the commission.

{¶ 54} 32. On December 17, 2019, a hearing took place before the full commission. On January 30, 2020, the commission issued an order, in which it found the following: (1) the employer's request for reconsideration failed for lack of a majority vote of the members of the commission; and (2) the September 27, 2019, SHO order remains the final order of the commission. The commission indicated that (1) Commissioner Taylor would vote to find the commission does not have authority to exercise continuing jurisdiction; Commissioner Gillmor would vote to find the employer has met its burden of proving the September 27, 2019, SHO order contains a clear mistake of law, specifically, the SHO did not address or rule on the res judicata argument presented and argued at the hearing; (2) Commissioner Gillmor would reject the employer's res judicata argument, as the prior April 26, 2018, order of the BWC does not bar adjudication of claimant's FROI-1(2); (3) Commissioner Gillmor would deny claimant's FROI-1(2), based on the March 13, 2019, report of Dr. Bloomfield and the July 15 and August 28, 2019, reports of Dr. Steiman; (4) therefore, Commissioner Gillmor would exercise continuing jurisdiction to correct this error, would grant the employer's request for reconsideration, vacate the SHO's order, and deny the claim based upon the reports of Drs. Bloomfield and Steiman; (5) Commissioner Hughes would vote to find the employer has met its burden to prove the September 27, 2019, SHO order contains a clear mistake of law because the SHO would not have exercised continuing jurisdiction when the BWC already adjudicated the issue of allowance of claim on its merits in the April 26, 2018, order, which was not appealed; (6) Commissioner Hughes would vote that relitigating the allowance of claim on its merits is precluded by res judicata; and (7) therefore, Commissioner Hughes would exercise continuing jurisdiction to correct this error, would grant the employer's request for reconsideration, vacate the SHO's order, and find no basis to exercise continuing jurisdiction with regard to the allowance-of-claim issue due to res judicata pursuant to the April 26, 2018, order of the BWC.

{¶ 55} 33. On February 13, 2020, the employer filed a request for reconsideration.

{¶ 56} 34. On March 7, 2020, the commission denied the request for reconsideration.

{¶ 57} 35. On April 3, 2020, the employer filed a petition for writ of mandamus.

Conclusions of Law and Discussion:

{¶ 58} For the reasons that follow, it is this magistrate's decision that this court should not issue a writ of mandamus.

{¶ 59} In order for this court to issue a writ of mandamus, a relator must establish the following three requirements: (1) that relator has a clear legal right to the relief sought; (2) that respondent has a clear legal duty to provide such relief; and (3) that relator has no adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

{¶ 60} Pursuant to R.C. 4123.52, "[t]he jurisdiction of the industrial commission and the authority of the administrator of workers' compensation over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified." R.C. 4123.52(A) contains a clear and broad grant of continuing jurisdiction to the commission. *State ex rel. Neitzelt v. Indus. Comm.*, 160 Ohio St.3d 175, 2020-Ohio-1453, ¶ 15. However, that jurisdiction is conditioned on specific criteria: (1) new and changed circumstances, (2) fraud, (3) clear mistake of fact, (4) clear mistake of law, or (5) error by an inferior tribunal. *State ex rel. Nicholls v. Indus. Comm.*, 81 Ohio St.3d 454, 459 (1998).

{¶ 61} The commission has further explained the new and changed circumstances required to exercise continuing jurisdiction in Industrial Commission Resolution R18-1-06, which provides, in pertinent part:

> New and changed circumstances occurring subsequent to the date of the order from which reconsideration is sought. For example, there exists newly discovered evidence which by due diligence could not have been discovered and filed by the appellant prior to the date of the order from which reconsideration is sought. Newly discovered evidence shall be relevant to the issue in controversy but shall not be merely corroborative of evidence that was submitted prior to the date of the order from which reconsideration is sought.

R18-1-06(D)(1)(a).

{¶ 62} In the present case, as an initial matter, the commission and claimant assert that the employer has an adequate remedy at law by way of appeal to the common pleas court under R.C. 4123.512(A) and, in fact, has filed an appeal in the Lucas County Court of Common Pleas ("common pleas court"). The lack of an adequate remedy at law "is a threshold question," as it "is a necessary prerequisite for relief in mandamus." *State ex rel. Alhamarshah v. Indus. Comm.*, 142 Ohio St.3d 524, 2015-Ohio-1357, ¶ 11, citing *State ex rel. Consolidation Coal. Co. v. Indus. Comm.*, 18 Ohio St.3d 281, 284 (1985) (citation omitted).

{¶ 63} Here, the employer's complaint in mandamus challenges the commission's determinations regarding two issues: (1) the commission's decision to exercise continuing jurisdiction; and (2) the commission's decision to allow the claim for concussion without loss of consciousness and post-concussion syndrome. The commission's decision to exercise continuing jurisdiction is a decision that is not appealable to the common pleas court under R.C. 4123.512(A); thus, the employer lacks an adequate remedy at law on this issue. *See State ex rel. Belle Tire Distribs., Inc. v. Indus. Comm.*, 154 Ohio St.3d 488, 2018-Ohio-2122, ¶ 18 (commission's decision to exercise continuing jurisdiction is not appealable to the common pleas court pursuant to R.C. 4123.512(A)). However, the commission's decision to allow the claim for concussion without loss of consciousness and post-concussion syndrome challenges claimant's right to participate and is appealable to the common pleas court under R.C. 4123.512. *See id.* (commission's decision to allow a claim, which involves the right to participate in the workers' compensation system, is reviewable in an appeal to the common pleas court pursuant to R.C. 4123.512). Accordingly, the commission's decision to exercise continuing jurisdiction is reviewable in mandamus before this court, while the decision to allow the claim for concussion without loss of consciousness and post-concussion syndrome is not. *See Belle Tire* at ¶ 35 (Justice DeWine, dissenting) (explaining that the majority splits the commission's order into two parts—the decision to exercise continuing jurisdiction and the award of benefits—and determines that the first part is reviewable in mandamus because it is not appealable under R.C. 4123.512, while the second part is not reviewable in mandamus because it challenges the right to participate and is appealable under R.C. 4123.51, thereby creating two parallel avenues for

the employer to seek reversal of the commission's order: a mandamus action in the court of appeals challenging the commission's continuing jurisdiction to make the award and a simultaneous action in the common pleas court challenging the award under R.C. 4123.512).

{¶ 64} With regard to the employer's arguments concerning the commission's decision to exercise continuing jurisdiction, the employer first argues that the commission abused its discretion and acted contrary to law when it failed to vacate the SHO's September 27, 2019, corrected order. The employer asserts that the SHO's corrected order failed to state why the order was issued, *i.e.*, what was corrected. The employer points out that, although the initial interlocutory order referred FROI-1(2) back to the BWC for adjudication and indicated that the BWC's administrator had not had an opportunity to make any findings regarding an alleged physical injury, two days later she issued the corrected order and made an allowance without explaining why she changed her mind, in violation of *Noll v. Indus. Comm.*, 57 Ohio St.3d 203 (1991) (commission must specifically state what evidence which it has relied upon and briefly explain the reasoning for its decision). The employer asserts the commission compounded this error in its January 30 and March 7, 2020, orders when it failed to vacate the September 27, 2019, order and either correct the mistake or send the matter back to the SHO for clarification.

{¶ 65} The SHO's corrected order complied with *Noll*. The SHO explained why she was exercising continuing jurisdiction and addressed the merits of the case, while specifically stating the evidence upon which she relied in granting the allowance. The employer does not raise any *Noll* argument in this respect. The only *Noll* issue the employer raises is whether the SHO explained the reason for changing her mind to grant the allowance, when she had initially, in the interlocutory order, referred the matter back to the BWC for adjudication of the allowance. However, the SHO explained that "the prior Interlocutory Order was issued in error." Although the SHO does not explain the details regarding why the interlocutory order was issued in error, the employer cites no authority finding that more of an explanation was necessary for the SHO to sua sponte vacate her own interlocutory order, which is not final and is subject to revision. *State ex rel. Wasinski v. Indus. Comm.*, 10th Dist. No. 09AP-875, 2010-Ohio-4511, ¶ 39 (Mag's.

Decision) (an interlocutory order is not final and the reasoning is subject to revision). Therefore, the magistrate finds that the SHO's determination that the interlocutory order was issued in error was sufficient to explain why the SHO was issuing a second sua sponte order.

{¶ 66} The employer next argues that the corrected order contains a clear mistake of law, a clear mistake of fact, and/or an error by an inferior tribunal. The employer points out that on page two of the corrected order, the SHO indicated it was FROI-1(2) that was under consideration, but on page one of the corrected order, the SHO granted FROI-1(1). The employer asserts that the conditions she allowed were from FROI-1(2), and the merits of FROI-1(1) were not even addressed at the hearing, so the order is internally inconsistent. The employer contends that the commission compounded this error in its January 30 and March 7, 2020, orders when it failed to vacate the September 27, 2019, order and correct the errors.

{¶ 67} The magistrate disagrees. The SHO addressed both FROI-1(1) and FROI-1(2) separately. The first part of the decision addresses continuing jurisdiction and the merits of an allowance under FROI-1(1), while the second part of the decision addresses continuing jurisdiction and an allowance under FROI-1(2). The SHO found continuing jurisdiction to address both, as well as allowed the claims of concussion without loss of consciousness and post-concussion syndrome. The SHO reasoned that continuing jurisdiction existed to address FROI-1(2) because at the time of the BWC's initial adjudication, the claimant could not have known he suffered any physical injury, as he was not diagnosed with physical injuries until seven months after the BWC's adjudication. The SHO also reasoned that because FROI-1(1) actually described a physical injury based upon the newly discovered evidence submitted with FROI-1(2), continuing jurisdiction existed to address FROI-1(1). There was no internal inconsistency.

{¶ 68} The employer next argues that the SHO failed to address the res judicata issue. The employer asserts that in the January 30, 2020, order, one commissioner correctly pointed out that the SHO did not address or rule on the res judicata argument presented and argued at the hearing. The employer contends that this issue is critical to the determination of whether the commission is barred from even considering the claim

because claimant failed to appeal the BWC's April 26, 2018, order. The employer argues that the commission compounded this error in its January 30 and March 7, 2020, orders when it failed to exercise continuing jurisdiction, vacate the SHO's order, and return the matter to the SHO for further consideration, or, alternatively, address the issue itself as a full commission.

{¶ 69} However, the magistrate finds no prejudicial error. Although res judicata may apply in quasi-judicial administrative proceedings, *see State ex rel. Schachter v. Ohio Pub. Emps. Retirement Bd.*, 121 Ohio St.3d 526, 2009-Ohio-1704, ¶ 29, the defense of res judicata has a limited application in workers' compensation matters because of the commission's continuing jurisdiction in certain circumstances. *State ex rel. B.O.C. Group, Gen. Motors Corp. v. Indus. Comm.*, 58 Ohio St.3d 199, 200 (1991). The commission has broad authority under R.C. 4123.52 when exercising continuing jurisdiction, and the commission may make a modification or change to former findings or orders as, in its opinion, is justified.

{¶ 70} Here, the commission invoked its continuing jurisdiction when it identified a change in circumstances since the initial adjudication by the BWC. By finding that the invocation of continuing jurisdiction was proper, the SHO was implicitly finding res judicata did not apply, as the two cannot coexist. Once the SHO exercised continuing jurisdiction, she clearly was rejecting the res judicata argument. In her order, the SHO found that, at the time of the initial BWC adjudication, claimant did not know he had suffered a physical injury. Res judicata operates to preclude the relitigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction. *B.O.C. Group*. Here, by finding that claimant did not know he had suffered a physical injury at the time of the BWC adjudication, the SHO was also implicitly rejecting the res judicata argument, because claimant's physical condition could not have been at issue in the prior adjudication and could not have been passed upon by the BWC. Therefore, the magistrate finds that the SHO committed no prejudicial error when she did not specifically mention the employer's res judicata argument.

{¶ 71} The employer next argues that the SHO had no jurisdiction to address either FROI-1(1) or FROI-1(2). As for FROI-1(1), the employer claims the BWC's April 26, 2018,

order denied that application, and the order was not appealed and became final. However, as mentioned above, the SHO found continuing jurisdiction to address FROI-1(1) because FROI-1(1) actually described a physical injury based upon the newly discovered evidence submitted with FROI-1(2) that, at the time of the BWC's initial adjudication, could not have been known to claimant because claimant was not diagnosed with physical injuries until seven months after the BWC's adjudication. The magistrate agrees with the commission and the claimant that *Greene v. Conrad*, 10th Dist. No. 96APE12-1780 (Aug. 21, 1997) is applicable to the present circumstances. In *Greene*, this court found res judicata did not apply when a prior workers' compensation claim had been denied by the BWC and was not appealed because the claimant did not provide all of the information requested by the BWC to establish a claim. We found in that case that res judicata applied only when the parties have had an ample opportunity to litigate the issues involved in the proceeding, but the initial claim had been denied based upon insufficient evidence to determine the claim, thereby making a decision on the merits impossible. Likewise, in the present case, the BWC lacked the necessary information to render a decision on the merits for claimant's FROI-1(1) because claimant did not yet have a diagnosis of a physical injury. Therefore, the employer's argument that the SHO could not address the FROI-1(1) because the BWC's April 26, 2018, order denied that application, and the order was not appealed and final, is rejected based upon *Greene*.

{¶ 72} As for claimant's FROI-1(2), the SHO found continuing jurisdiction to address it because claimant's physical injuries were not diagnosed until he was treated by Dr. Wynkoop on November 23, 2018, and claimant could not have known about his physical injuries with due diligence at the time of the initial adjudication. The employer argues that, although the claimant was first diagnosed with blast-related post-concussion syndrome by Dr. Wynkoop on November 23, 2018, and he was first diagnosed with a concussion eight months later on July 15, 2019 by Dr. Borrillo, these were not new and changed circumstances for purposes of continuing jurisdiction because claimant could and should have reported his symptoms by the time of the April 26, 2018, order but failed to do so. The employer asserts that, although Dr. Wynkoop noted that claimant described traumatic cerebral injury symptoms at the time of the blast, this is not consistent with

claimant's evaluations at the company medical dispensary on the day of and day after the explosion. However, the employer presents no evidence that claimant was intentionally withholding any medical conditions or complaints from the medical providers. As the SHO noted, Dr. Wynkoop reports in his November 23, 2018, letter that claimant described confusion, clouded consciousness, and brief amnesia at the time of the explosion. There is simply nothing in the record to show that claimant was not being forthright with regard to his symptoms during his evaluation with Dr. Wynkoop. The SHO having some evidence to support her conclusion in this respect, the employer's argument is not well taken.

{¶ 73} Lastly, the employer argues that the commission acted contrary to law when it erroneously determined that the employer's request for reconsideration failed for lack of a majority vote. The employer points out that Commissioner Gillmor and Commissioner Hughes agreed that the SHO's September 27, 2019, corrected order contained a clear mistake of law, the order should be vacated, and the request for reconsideration should be granted. They agreed that the claim should not be allowed, but for different reasons: Commissioner Gillmor believed it should be denied on the merits, and Commissioner Hughes believed it was barred by res judicata. The employer argues that it is illogical that two-thirds of the commissioners agreed that the employer should prevail, yet claimant won because there was a lack of a majority vote.

{¶ 74} The magistrate disagrees. The opinions of the commissioners are included above in the findings of fact. The employer cites *State v. Benson*, 11th Dist. No. 2018-A-0054, 2019-Ohio-3234, for the proposition that the majority's decision as to the result is not negated by their lack of agreement about the reasoning. However, *Benson* is merely a standard appellate decision in a criminal case in which one judge wrote the majority opinion, one concurred in judgment only, and one dissented. The employer cites no authority for the proposition that commission decisions are guided by the same principles as decisions of the court of appeals. The commission's adjudicatory powers are found in R.C. 4121.03(E), which provides, in pertinent part:

> (E) A majority of the commission constitutes a quorum to transact business. No vacancy impairs the rights of the remaining members to exercise all of the powers of the commission, so long as a majority remains. Any investigation, inquiry, or hearing that the commission may hold or

undertake may be held or undertaken by or before any one member of the commission, or before one of the deputies of the commission, except as otherwise provided in this chapter and Chapters 4123., 4127., and 4131. of the Revised Code. Every order made by a member, or by a deputy, when approved and confirmed by a majority of the members, and so shown on its record of proceedings, is the order of the commission. * * *

{¶ 75} Here, there was simply no majority holding. Although two commissioners agreed that the employer met its burden of proving that the SHO order contains a clear mistake of law so as to make the exercise of continuing jurisdiction proper, one commissioner believed the mistake of law was the SHO's failure to address the res judicata argument and the commissioner would reject the employer's res judicata argument, while the other believed the mistake of law was that the SHO should not have exercised continuing jurisdiction because relitigation of the allowance of the claim on its merits was precluded by res judicata. There clearly did not exist a majority holding for precluding the allowance of the claim, which was statutorily required. Therefore, the commission did not act contrary to law.

{¶ 76} Accordingly, it is the magistrate's decision that this court should deny the employer's complaint for writ of mandamus.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).