THE STATE, EX REL. TWEED ET AL., APPELLANTS, *v.*
COLUMBUS PARCEL SERVICES, INC., ET AL., APPELLEES.

[Cite as State, ex rel. Tweed, v.
Columbus Parcel Services (1982), 69 Ohio St. 2d 331.]

(No. 81-826—Decided February 24, 1982.)

*Mr. Michael J. Muldoon,* for appellants.

*Messrs. Vorys, Sater, Seymour & Pease* and *Mr. Robin R. Obetz,* for appellee Columbus Parcel Services, Inc.

*Mr. William J. Brown,* attorney general, and *Mr. William Naperstick,* for appellee Industrial Commission.

KRUPANSKY, J. The issue presented in this appeal is whether the Industrial Commission abused its discretion in finding the relators to be only partially dependent on their natural father at the time of his death. In order to determine whether an abuse of discretion has occurred we need only determine whether there is "some evidence" to support the commission's finding. See *State, ex rel. Wallace,* v. *Indus. Comm.* (1979), 57 Ohio St. 2d 55, 58. Or, as stated in *Consolidation Coal Co.* v. *Indus. Comm.* (1979), 58 Ohio St. 2d 127, at 129: " * * * only where there is *no evidence* of probative value in the record will a writ of mandamus be granted." (Emphasis added.)

R. C. 4123.59 is the statue authorizing the payment of benefits to those individuals found to be either wholly or partially dependent upon a deceased employee. This code section provides a statutorily defined amount is to be awarded individuals deemed to be wholly or partially dependent. In making its determination of whether a claimant is partially or wholly dependent the commission is guided by subdivision (D) of R. C. 4123.59 which states in relevant part:

"The following persons shall be presumed to be wholly dependent for their support upon a deceased employee:

"(1) * * *

"(2) A child under the age of eighteen years, * * * upon only the one parent who is contributing more than one-half of the support for such child and with whom he is living at the time of the death of such parent, or for whose maintenance such parent was legally liable at the time of his death."

As stated above, once the commission has made a determination on whether a claimant is wholly or partially dependent, this finding can be disturbed only if " * * * that order constitutes an abuse of discretion. * * * " (Citations omitted.) *State, ex rel. City Iron Works*, v. *Indus. Comm.* (1977), 52 Ohio St. 2d 1, 3. Stated more clearly:

" * * * the degree of dependency is a question of fact to be determined by the Industrial Commission from the proof before it, and when it has assumed jurisdiction of a claim and has made a determination upon the evidence, such determination is final, unless a gross abuse of discretion is clearly indicated, or an unlawful procedure has been followed." *State, ex rel. Pivk,* v. *Indus. Comm.* (1935), 130 Ohio St. 208, at 212.

Relators contend there has been such an abuse of discretion because there was *no evidence* adduced to support the decision of the commission that relators were only partially dependent upon their father, Robert Tweed, at the time of his death. For two reasons we disagree with the relators' assertion.

Firstly, the parties to the instant action stipulated the decedent was to make support payments of $17.50 per week, per child. The relators assert the legal obligation placed upon the decedent to make these support payments rendered him legally liable for their maintenance within R. C. 4123.59(D)

such that they were wholly dependent upon the decedent at the time of his death. We admit Robert Tweed was legally required to make these support payments totalling $35 per week for both children. However, as succinctly stated by the Court of Appeals below:

" * * * Although the decedent parent was legally required to make child support payments at the time of his death, his legal obligation was definitely short of liability for their maintenance, since the required payments were clearly inadequate for such. * * * Thus, while decedent was legally liable to make support payments, the commission did not abuse its discretion in finding he was not legally liable for their maintenance."

Secondly, there is another reason apart from the Tweed's divorce settlement which mandates upholding the commission's finding of partial dependency in this case; viz., the application for death benefits filed for the relators by their mother who was employed at the time of decedent's death. This application clearly stated the relators were only *partially dependent* on the deceased for support at the time of his death. Perhaps it could be argued Patricia J. Smith is a layperson unversed in the area of workers' compensation law, and therefore, her conclusion on this issue is totally irrelevant. It may be true that Mrs. Smith is not an expert in the field of workers' compensation, however, we feel her categorization of this claim as being one for partial dependency is relevant and was properly considered. Perhaps she, the mother and custodial parent, was in the best position, practically speaking, to make this determination of partial dependency.

At the time of Robert Tweed's death he was making support payments for the relators in the amount of $17.50 per child, per week. In comparison, an affirmance of the commission's order will result in an award of $30 per week, per child. It is difficult to understand how the commission could be held to have abused its discretion when its order results in an increase in each relator's support payment of $12.50 per week.

Accordingly, we find there is some evidence to support the commission's finding of partial dependency, and therefore, the judgment of the Court of Appeals denying relators' writ of mandamus is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

CLIFFORD F. BROWN, J., dissenting. The Industrial Commission has a clear duty to determine that the minor children of decedent Robert Tweed were "wholly dependent" upon him for their support, and to make an award accordingly. Therefore, the writ of mandamus should be granted. I dissent from this court's denial of the writ.

Under the terms of the 1970 divorce decree, decedent paid $35 weekly "as and for support of said minor children." * In the separation agreement, made a part of the divorce decree, decedent likewise agreed to pay to the wife "as and for support of said minor children" $35 weekly, and the parties further agreed that decedent was granted the right to claim the minor children as dependents for income tax purposes. The agreement also contained a provision authorizing the court "to adjust, either upward or downward, the amount of said support order in its discretion, upon motion by either party."

R. C. 4123.59(D) sets forth the tests used to determine whether minors are "wholly dependent" upon a deceased employee. It provides as follows:

"The following persons shall be presumed to be wholly dependent for their support upon a deceased employee:

"(1) * * *

"(2) A child under the age of eighteen years, * * * upon only the one parent who is contributing more than one half of the support for such child and with whom he is living at the time of the death of such parent, or *for whose maintenance such parent was legally liable at the time of his death.*" (Emphasis added.)

To determine the "wholly dependent" status only the last clause of subsection (D)(2) is applicable, which specifies minors

---

* The relevant portion of the divorce decree pertaining to child support reads as follows:

" * * * that the defendant shall pay to the plaintiff * * * as and for support of said minor children the sum of Thirty Five Dollars ($35.00) plus poundage, per week * * * "

This language and similar language in the separation agreement, Article III, establishes that the children were "wholly dependent" upon the father "for whose maintenance such parent was legally liable at the time of his death" within the meaning of R. C. 4123.59(D)(2).

"for whose maintenance such parent was legally liable at the time of his death." Under the terms of the divorce decree, decedent was legally liable for his children's support. He continued to fulfill his support obligation until his death. Accordingly, pursuant to the statutory presumption set forth in R. C. 4123.59(D)(2), the two Tweed children were "wholly dependent" for their support upon their deceased father.

This statutory presumption is rebuttable. *State, ex rel. Pivk,* v. *Indus. Comm.* (1935), 130 Ohio St. 208, 212. It is rebutted only where facts to the contrary are established. *Hurt* v. *Charles J. Rogers Transportation Co.* (1955), 164 Ohio St. 329. The record contains no such facts. The application for hearing and determination of compensation completed by the mother on behalf of the two minor children states that the two children were supported by their father and that there was no other source of income for their support, in this language:

"[11](C) What weekly amount was contributed by deceased to the support of yourself and the above named persons? $35.00.

"(D) Have you, or any of the persons named above, any income other than the amount contributed by deceased?

"If so, state nature and amount of same: No."

Therefore, the statutory presumption of a "wholly dependent" status is not rebutted but, instead, is conclusively established pursuant to R. C. 4123.59 because the father alone "was legally liable at the time of his death" for the children's support, and in fact, was their sole support.

Dependency is based upon the right to support rather than the actual fact of support. *State, ex rel. Person,* v. *Indus. Comm.* (1932), 126 Ohio St. 85, 89. This right of total support from the father, thereby making the minor children "wholly dependent" upon him, is buttressed by R. C. 3103.03 which provides:

"The husband must support himself, his wife, and his minor children out of his property or by his labor. If he is unable to do so, the wife must assist him so far as she is able."

Since the terms of the separation agreement gave the father, Robert Tweed, the right to claim the two children as his dependents for income tax purposes and the agreement, as well as the divorce decree, imposed a child support obligation

upon him alone, he as father fulfilled the requirements of R. C. 3103.03 of sole support for his two children.

Nor was there any evidence before the Industrial Commission to show that the father's weekly payments of $35 were inadequate or less than total support, and no evidence was offered as to the amount required to support these two minor children. The Court of Appeals' observation that the mother was working is irrelevant, because no evidence was offered concerning what the mother earned or if in fact she contributed any money for the support of the children. Such speculation concerning the mother's working does not negate dependency of the two children upon the father. The Court of Appeals assumed facts not in the record and thereby used an incorrect legal standard to find mere partial dependency. The legal liability of the father for maintenance of his two children established their status as "wholly dependent" under R. C. 4123.59(D)(2). By refusing to admit this simple fact, the appellate courts reach an unjust result. Therefore, I must dissent.