KRUPA *v.* INDUSTRIAL COMMISSION OF OHIO ET AL.

(No. 84AP-110—Decided September 13, 1984.)

*James N. Harding,* for relator.

*Anthony J. Celebrezze, Jr.,* attorney general, *Lee M. Smith* and *Thomas Delaney,* for respondent Indus. Comm.

*Andrew M. Barnak,* for respondent Alberta Krupa.

REILLY, J. Relator, the widow of decedent-employee, Joseph P. Krupa, seeks a writ of mandamus directing the Industrial Commission ("commission") to restore to her the previously allowed $168 per week compensation benefits.

Joseph Krupa was killed on January 4, 1982 in the course of and arising out of his employment. He left three dependents, being relator, to whom he

was married on December 24, 1981, and two children from a previous marriage, for whom he was obligated to pay $40 per week per child in court-ordered support, all medical and dental expenses, all school tuition through high school and a maximum $2,500 per year for up to four years of higher education. The two children live with their mother, respondent Alberta Krupa, decedent's former wife, to whom decedent had been married for nearly ten years.

Both relator and Alberta Krupa, on behalf of the two children, applied for workers' compensation death benefits. The district hearing officer found the three applicants to be wholly dependent upon the decedent, and found the maximum award to be $298 per week. This award was apportioned between the three, $168 per week for relator, and $65 per week to each child. On Alberta Krupa's appeal, the regional board of review modified the apportionment, finding the three to be equally dependent and awarding relator $100 per week, $99 per week going to each child. Further appeal to the commission was denied.

In support of her action in mandamus, relator argues that it was an abuse of discretion by the commission to find the children wholly, rather than partially, dependent and to award to them benefits equal to her own. She argues that such an abuse of discretion exists due to the case of *State, ex rel. Tweed,* v. *Columbus Parcel Services* (1982), 69 Ohio St. 2d 331 [23 O.O.3d 306], which she asserts stands for the proposition that children of a decedent who were not living with the decedent at the time of his death and who were receiving $17.50 per week child support are only partially dependent upon the decedent. However, *Tweed* does not compel such a result, and, for the reasons which follow, the requested writ of mandamus is denied.

The standard to be applied in a mandamus action was well expressed by the Supreme Court in *State, ex rel. Questor Corp.,* v. *Indus. Comm.* (1982), 70 Ohio St. 2d 240, 241 [24 O.O.3d 334], as follows:

"It is well-established that ' "* * * the determination of disputed factual situations is within the final jurisdiction of the Industrial Commission, and subject to correction by action in mandamus only upon a showing of abuse of discretion." ' *State, ex rel. G F Business Equip., Inc.,* v. *Indus. Comm.* (1981), 66 Ohio St. 2d 446, 447 [20 O.O.3d 379]; quoting from *State, ex rel. Haines,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 15, 16 [58 O.O.2d 70]. Such an abuse of discretion is shown only where there is no evidence upon which the commission could have based its factual conclusion. *State, ex rel. Teece,* v. *Indus. Comm.* (1981), 68 Ohio St. 2d 165, 167 [22 O.O.3d 400]. * * *"

Hence, in the present case, if there is some evidence to support the commission's finding as to dependency, there has been no abuse of discretion in such factual finding, and mandamus will not lie.

R.C. 4123.59(D) provides a presumption of total dependency in certain situations. It provides, in part:

"(D) The following persons shall be presumed to be wholly dependent for their support upon a deceased employee:

"(1) A surviving spouse who was living with the employee at the time of death or a surviving spouse who was separated from the employee at the time of death because of the aggression of the employee;

"(2) A child under the age of eighteen years, or twenty-five years if pursuing a full-time educational program while enrolled in an accredited educational institution and program, or over said age if physically or mentally incapacitated from earning, upon only the one parent who is contributing more than one-half of the support for such

child and with whom he is living at the time of the death of such parent, or for whose maintenance such parent was legally liable at the time of his death."

In the absence of circumstances indicating that a claimant is wholly dependent within the presumption of the statute, it is further provided:

"In all other cases, the question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury resulting in the death of such employee, but no person shall be considered as dependent unless such person is a member of the family of the deceased employee, or bears to him the relation of surviving spouse, lineal descendant, ancestor, or brother or sister. The commission has final discretion to award death benefits solely to those who are wholly dependent or to apportion such benefits among wholly dependent persons and other dependent persons as the commission deems equitable in the circumstances of each particular case."

In this case, the commission determined that the children of decedent were wholly dependent upon him for support. This factual determination is supported by the fact that decedent was legally obligated to provide $40 per week per child, and additionally to pay all their medical and dental expenses, as well as a significant amount of their school tuition expenses. This case is thus factually different from the *Tweed* case, where the decedent's sole legal obligation to his two children was $17.50 per week per child.

Notwithstanding any factual distinctions, however, the ultimate answer to the assertion that *Tweed* is controlling herein is that the commission enjoys a broad range of discretion in determining dependency issues under R.C. 4123.59. Whether or not this court would hold the same as the commission, a discretionary decision which is supported by some evidence, as in this case and in *Tweed,* will not be disturbed by this court in mandamus.

The commission was warranted in concluding that the children of decedent were wholly dependent upon him for support. There is some evidence to support such a finding, either on the basis of a presumption from decedent's obligation to provide for the maintenance of the children or the totality of the facts presented. Thus, there has been no abuse of discretion demonstrated in the commission's award for dependency benefits, and the requested writ of mandamus is therefore denied.

*Writ denied.*

WHITESIDE and STILLMAN, JJ., concur.

STILLMAN, J., retired, of the Eighth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.