[Cite as *State ex rel. Barbee v. Midland Concrete & Sand Transp.*, 2025-Ohio-624.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Ethel M. Barbee, | : | |
| Relator, | : | |
| v. | : | No. 23AP-423 |
| Midland Concrete & Sand Transportation et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |
| | : | |

D E C I S I O N

Rendered on February 25, 2025

**On brief:** *Finnegan Legal, LLC, Matthew L. Finnegan*, and *Norman J. Ullom-Morse*, for relator.

**On brief:** *Dave Yost*, Attorney General, and *Denise A. Corea*, for respondent Industrial Commission of Ohio.

IN MANDAMUS

BOGGS, J.

{¶ 1} Relator, Ethel M. Barbee, seeks a writ of mandamus against respondents, the Midland Concrete & Sand Transportation and the Industrial Commission of Ohio ("commission"), ordering the commission to vacate its order that denied her motion to establish her as a partly dependent person pursuant to R.C. 4123.59(C) and to grant her motion for death benefits. For the following reasons, we deny her request for a writ of mandamus.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. The magistrate considered the action on its merits and issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate concluded that Barbee did not establish that she was entitled to a

writ of mandamus through clear and convincing evidence that she had a clear legal right to the requested relief, that there was a clear legal duty for the commission to provide that relief, and that there was a lack of an adequate remedy in the ordinary course of the law.

{¶ 3} No objections have been filed to the magistrate's decision. "If no timely objections are filed, the court may adopt a magistrate's decision unless the court determines that there is an error of law or other defect evident on the face of the decision." Civ.R. 53(D)(4)(c).

{¶ 4} Upon review, we find no error in the magistrate's findings of fact or conclusions of law. Therefore, we adopt the magistrate's decision, including the findings of fact and the conclusions of law therein, as our own and conclude that Barbee has failed to establish a right to a writ of mandamus.

*Petition for writ of mandamus denied.*

BEATTY BLUNT and LELAND, JJ., concur.

————————————

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Ethel M. Barbee, | : | |
| Relator, | : | |
| v. | : | No.  23AP-423 |
| Midland Concrete & Sand Transportation et al., | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on November 19, 2024

*Finnegan Legal, LLC*, and *Matthew L. Finnegan*, and *Norman J. Ullom-Morse*, for relator.

*Dave Yost*, Attorney General, and *Denise A. Corea*, for respondent Industrial Commission of Ohio.

IN MANDAMUS

**{¶ 5}**   Relator, Ethel M. Barbee ("claimant"), has filed this original action seeking a writ of mandamus against respondent, Midland Concrete & Sand Transportation ("employer") and Industrial Commission of Ohio ("commission"), ordering the commission to vacate its order that denied her motion to establish her as a partly dependent person pursuant to R.C. 4123.59(C), and to grant claimant's motion for death benefits.

Findings of Fact:

{¶ 6}   1. On October 19, 2019, claimant's son, Raynard E. Holmes ("decedent"), died during the course of his employment as a truck driver for the employer, when the front tire of his truck blew out, and he lost control of the truck, resulting in the truck striking a concrete median barrier and dragging its left side against the barrier until it came to a stop and caught on fire. The decedent's death certificate indicated that he died from asphyxia by inhalation of superheated gases. A toxicology report revealed the presence of cocaine and cannaboids in the post-mortem blood of the decedent.

{¶ 7}   2. On September 29, 2020, claimant filed a C-5 application for death benefits and/or funeral expenses, requesting benefits for herself as a partly dependent person pursuant to R.C. 4123.59(C).

{¶ 8}   3. In a January 5, 2021, order, the Ohio Bureau of Workers' Compensation ("BWC") denied the application for death benefits, finding the following: (1) the decedent's death was not related to an industrial accident or occupational disease; and (2) the decedent was intoxicated or under the influence of a controlled substance not prescribed by a physician at the time of death, and this was the proximate cause of the decedent's death. Claimant appealed.

{¶ 9}   4. Claimant executed an affidavit on February 21, 2021, in which she averred the following: (1) at the time of his death, the decedent lived at the same address as claimant; (2) although the dwelling is comprised of two units, the decedent paid the utility payments for both units and had done so for the past several years; (3) the decedent was responsible for the general upkeep of the house, making repairs and improvements to both the interior and exterior of the house; (4) the decedent shopped and paid for food for both him and claimant; and (5) claimant and the decedent shared cooking duties and ate meals together.

{¶ 10} 5. A hearing was held before a district hearing officer ("DHO"), and in a February 26, 2021, order, the DHO denied the application for death benefits, finding the following: (1) the impairment from the cocaine and cannaboids in the decedent's system caused the decedent to be impaired; (2) this impairment was the proximate cause of the decedent's death; and (3) the decedent would likely have survived the accident without the presence of cocaine and cannaboids in his system. Claimant appealed.

{¶ 11} 6. A hearing was held before an staff hearing officer ("SHO"), and in an April 22, 2021, order, the SHO granted the application for death benefits, finding the following: (1) the accident was caused by mechanical failure and not the decedent's actions or inactions; (2) the decedent's level of illegal substances did not impair him to a degree as to where he could have prevented the accident or minimized the damage; (3) the decedent was living with his natural parent; thus, claimant is "presumed to have been partially dependent upon" the decedent; (4) an award in the sum of $3,000 is to be paid to claimant; (5) claimant was not wholly dependent upon the decedent; (6) claimant and the decedent lived in separate parts of a duplex home, they each paid their own utilities, and the decedent paid the mortgage payments 50 percent of the time, which is the equivalent of his paying rent for his side of the duplex; and (7) claimant and the decedent shared meals, and the decedent performed maintenance on the property, but there is insufficient evidence to establish that claimant was wholly dependent. Claimant appealed.

{¶ 12} 7. On May 11, 2021, the commission refused further appeal.

{¶ 13} 8. Claimant filed a May 21, 2021, request for reconsideration, asserting that, in the April 22, 2021, order, the SHO correctly determined claimant to be partly dependent but then made a mistake of law and fact by misapplying R.C. 4123.59(C) and (D).

{¶ 14} 9. On June 14, 2021, the commissioners denied claimant's request for reconsideration.

{¶ 15} 10. On September 28, 2021, claimant filed a motion requesting that the commission exercise continuing jurisdiction, arguing that she was a partly dependent person pursuant to R.C. 4123.59(C).

{¶ 16} 11. A hearing was held before a DHO, and in a February 19, 2022, order, the DHO denied claimant's motion to exercise continuing jurisdiction, finding there was insufficient evidence of a clear mistake of law or fact. Claimant appealed.

{¶ 17} 12. A hearing was held before an SHO, and in a March 30, 2022, order, the SHO denied claimant's motion to exercise continuing jurisdiction, finding the following: (1) there was no mistake of fact in the SHO's April 22, 2021, order; (2) claimant's February 21, 2021, affidavit claims the decedent paid the utility bills for many years, paid for food, and was responsible for upkeep of the house; (3) however, there is no documentary evidence in the file to corroborate the affidavit; (4) the only documentary evidence is claimant's last

debit card statement, which does not document any payment of utility bills or any of the other claims in the affidavit; (5) there was no mistake of law in the SHO's April 22, 2021, order; (6) although claimant argues that the SHO erred by not addressing partial dependency, partial dependency was not addressed at the SHO hearing; (7) claimant was required to show actual dependency, but claimant's affidavit was not corroborated by any documentary evidence; and (8) the SHO awarded claimant compensation consistent with the presumption set forth in R.C. 4123.59(D)(2). Claimant appealed.

{¶ 18} 13. In an April 19, 2022, order, the commission refused further appeal.

{¶ 19} 14. On June 8, 2022, claimant filed a motion requesting that the matter be set for a DHO hearing on the issue of establishing claimant as a partly dependent person pursuant to R.C. 4123.59(C).

{¶ 20} 15. Claimant executed an affidavit on August 20, 2022, in which she averred the following: (1) claimant is 90 years old; (2) partial dependency was not discussed at the prior hearings; (3) claimant and the decedent lived together in the same house for the decedent's entire life; (4) the decedent paid all of the utility bills for the house and had for several years; (5) the decedent performed all upkeep and maintenance of the house, making repairs and improvement to both the exterior and interior of the house; (6) the decedent performed all of the yardwork; (7) the decedent did all of the shopping for both of them; (8) the decedent drove claimant to all of her appointments, and she does not drive; (9) claimant and the decedent owned a small restaurant; the decedent helped her run the restaurant when it was open; the decedent took the truck driving job to make money to reopen the restaurant; and the restaurant remained closed since the decedent's death; (10) they had a dog together, and claimant took care of all of the dog's needs; (11) the decedent made half of the mortgage payments, and they depended on each other financially, with her depending much more on him; (12) almost all of the financial help that the decedent gave her was in cash that he gave her weekly; (13) she now depends upon her extended family to keep from being evicted; and (14) she planned on living with the decedent the rest of her life.

{¶ 21} 16. A hearing was held before a DHO, and in an August 30, 2022, order, the DHO denied the motion, finding the following: (1) the commission does not have the jurisdiction to revisit the issue of dependency yet once again; (2) hearing officers consider

dependency in all of its types as part of the death-allowance determination; (3) a request for a specific type of dependency is not required; (4) a hearing officer is not required to rule out those forms of dependency that do not apply to a case; (5) once a decision regarding dependency is made, and the fact that a party believes a different decision should have been made, then the party is left with the appeal process, which has been exhausted in this case; (6) the issue of dependency was decided by an SHO in April 2021, and that decision was appealed to address whole dependency; the decision was appealed; the appeal was refused; a May 21, 2021, application for reconsideration was filed, outlining in detail the same arguments presented in the present case asserting a mistake of law and/or fact regarding the April 2021 decision; and the request for reconsideration was denied; and (7) after a determination on dependency has been made, a claimant cannot later request that partial dependency be addressed, even if partial dependency was not specifically requested or ruled upon at the time of the initial dependency determination. Claimant appealed.

{¶ 22} 17. A hearing was held before an SHO, and in an October 18, 2022, order, the SHO denied claimant's motion, finding the following: (1) the issues of dependency and the amount of death benefits paid to claimant are res judicata; (2) the issues of dependency and the amount of death benefits paid to claimant were addressed by the April 22, 2021, order of the SHO, which found that claimant was a dependent and was entitled to $3,000 in death benefits per statute; (3) claimant appealed that determination, and the commission rejected the appeal; (4) claimant then filed a four-page application for reconsideration on May 21, 2021, that contained the same arguments relied upon in the present case; and (5) the application for reconsideration was denied, and no further appeal was filed on this issue. Claimant appealed.

{¶ 23} 18. On November 8, 2022, the commission issued an order refusing claimant's appeal.

{¶ 24} 19. Claimant filed a request for reconsideration, which the commission denied on December 3, 2022.

{¶ 25} 20. On July 17, 2023, claimant filed the present complaint for writ of mandamus.

Conclusions of Law and Discussion:

{¶ 26} The magistrate recommends that this court deny claimant's request for writ of mandamus.

{¶ 27} The Supreme Court of Ohio has set forth three requirements that must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 28} A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order that is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76, 78-79 (1986). But when the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56, 58 (1987).

{¶ 29} Pursuant to R.C. 4123.52, "[t]he jurisdiction of the industrial commission and the authority of the administrator of workers' compensation over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified." R.C. 4123.52(A) contains a clear and broad grant of continuing jurisdiction to the commission. *State ex rel. Neitzelt v. Indus. Comm.*, 160 Ohio St.3d 175, 2020-Ohio-1453, ¶ 15. However, that jurisdiction is conditioned on specific criteria: (1) new and changed circumstances; (2) fraud; (3) clear mistake of fact; (4) clear mistake of law; or (5) error by an inferior tribunal. *State ex rel. Nicholls v. Indus. Comm.*, 81 Ohio St.3d 454, 459 (1998).

{¶ 30} It is within the discretion of the commission to determine whether a claimant is dependent upon the decedent at the time of death. *State ex rel. Tweed v. Columbus Parcel Servs., Inc.*, 69 Ohio St.2d 331 (1982); *State ex rel. Maglis v. Indus. Comm.*, 10th Dist. No. 15AP-648, 2016-Ohio-4644, ¶ 8. Therefore, "once the commission has made a determination on whether a claimant is wholly or partially dependent, this finding can be disturbed only if '* * * that order constitutes an abuse of discretion * * *.' " *Tweed* at 333, quoting *State ex rel. City Iron Works, Inc. v. Indus. Comm.*, 52 Ohio St.2d 1 (1977). Stated in other words, " 'the degree of dependency is a question of fact to be determined by the Industrial Commission from the proof before it, and when it has assumed jurisdiction of a

claim and has made a determination upon the evidence, such determination is final, unless a gross abuse of discretion is clearly indicated, or an unlawful procedure has been followed.' " *Id.*, quoting *State ex rel. Pivk v. Indus. Comm.*, 130 Ohio St. 208, 212 (1935).

{¶ 31} R.C. 4123.59 governs the commission's determination of a claimant's entitlement to death benefits. R.C. 4123.59 provides, in pertinent part, the following:

> (B) If there are wholly dependent persons at the time of the death, the weekly payment is sixty-six and two-thirds per cent of the average weekly wage, but not to exceed a maximum aggregate amount of weekly compensation which is equal to sixty-six and two-thirds per cent of the statewide average weekly wage as defined in division (C) of section 4123.62 of the Revised Code, and not in any event less than a minimum amount of weekly compensation which is equal to fifty per cent of the statewide average weekly wage as defined in division (C) of section 4123.62 of the Revised Code, regardless of the average weekly wage; provided however, that if the death is due to injury received or occupational disease first diagnosed after January 1, 1976, the weekly payment is sixty-six and two-thirds per cent of the average weekly wage but not to exceed a maximum aggregate amount of weekly compensation which is equal to the statewide average weekly wage as defined in division (C) of section 4123.62 of the Revised Code; provided that when any claimant is receiving total disability compensation at the time of death the wholly dependent person is eligible for the maximum compensation provided for in this section. * * *
>
> * * *
>
> (C) If there are partly dependent persons at the time of the death the weekly payment is sixty-six and two-thirds per cent of the employee's average weekly wage, not to exceed sixty-six and two-thirds per cent of the statewide average weekly wage as defined in division (C) of section 4123.62 of the Revised Code, and shall continue for such time as the administrator in each case determines.
>
> (D) The following persons are presumed to be wholly dependent for their support upon a deceased employee:
>
> (1) A surviving spouse who was living with the employee at the time of death or a surviving spouse who was separated from the employee at the time of death because of the aggression of the employee;

(2) A child under the age of eighteen years, or twenty-five years if pursuing a full-time educational program while enrolled in an accredited educational institution and program, or over said age if physically or mentally incapacitated from earning, upon only the one parent who is contributing more than one-half of the support for such child and with whom the child is living at the time of the death of such parent, or for whose maintenance such parent was legally liable at the time of the parent's death.

It is presumed that there is sufficient dependency to entitle a surviving natural parent or surviving natural parents, share and share alike, with whom the decedent was living at the time of the decedent's death, to a total minimum award of three thousand dollars.

The administrator may take into consideration any circumstances which, at the time of the death of the decedent, clearly indicate prospective dependency on the part of the claimant and potential support on the part of the decedent. No person shall be considered a prospective dependent unless such person is a member of the family of the deceased employee and bears to the deceased employee the relation of surviving spouse, lineal descendant, ancestor, or brother or sister. The total award for any or all prospective dependency to all such claimants, except to a natural parent or natural parents of the deceased, shall not exceed three thousand dollars to be apportioned among them as the administrator orders.

In all other cases, the question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury resulting in the death of such employee, but no person shall be considered as dependent unless such person is a member of the family of the deceased employee, or bears to the deceased employee the relation of surviving spouse, lineal descendant, ancestor, or brother or sister.

{¶ 32} In the present case, claimant raises the following two arguments: (1) The SHO properly determined claimant to be partly dependent, as defined in R.C. 4123.59(C), but then disregarded the correct death benefit award set forth in R.C. 4123.59(C) and, instead, granted a death benefit award under R.C. 4123.59(D); and (2) the SHO order from the April 19, 2021, hearing does not contain some evidence to support its findings.

{¶ 33} With regard to the first argument, claimant asserts that, although the SHO determined that she was a partly dependent person, the SHO did not award the benefit required by R.C. 4123.59(C). As a partly dependent person, claimant urges, she should have been entitled to a weekly payment of 66-2/3 percent of her son's average weekly wage, not to exceed 66-2/3 percent of the statewide average weekly wage, as set forth in R.C. 4123.59(C). Instead, argues claimant, the SHO found that she was presumed to be "partially dependent" upon the decedent and awarded a total of $3,000 pursuant to R.C. 4123.59(D), which relates solely to wholly dependent persons. Claimant asserts that the SHO conflated sections (C) and (D) and mixed the "partly dependent" statutory language with the "wholly dependent" statutory language. Claimant contends there are only three possible categories for a dependent in order to recover under R.C. 4123.59: (1) wholly dependent; (2) partly dependent; and (3) presumed sufficiently dependent. The SHO's finding that she was "presumed to be partially dependent" is not a category and strongly connotes the statutory category of "partly dependent" in R.C. 4123.59(C), but the SHO did not award benefits under section (C). Claimant asserts that neither "partly dependent" nor "partially dependent" are a part of the "presumed that there is sufficient dependency" portion of the statute in section (D).

{¶ 34} The commission counters that claimant misconstrues R.C. 4123.59(D) as only applying to whole dependents, and it is evident that section (D) also applies to partial dependents. The commission explains the statutory scheme as follows. R.C. 4123.59(B) and (C) generally provide for the payment of death benefits to those who were either wholly or partly dependent on the deceased employee, and R.C. 4123.59(D) addresses when there will be a presumption of dependency. R.C. 4123.59(D)(1) and (2) provide for a presumption of whole dependency to a surviving spouse and the children of a deceased employee, while in a separate paragraph, R.C. 4123.59(D)(2) provides for a minimum death benefit of $3,000 for a parent that was living with the deceased employee at the time of death. However, this section provides that there is a presumption of "sufficient dependency," not whole dependency, for a parent that was living with the deceased employee at the time of death. Although both R.C. 4123.59(B) and (C) provide for the death benefit to be paid at 66-2/3 percent for both whole and part dependents, R.C. 4123.59(D) addresses when a parent is living with the decedent and provides for a presumption of sufficient dependency to such

parent for a minimum award of $3,000. That R.C. 4123.59(D) does not exclusively address the issue of whole dependency is evident from the final paragraph of R.C. 4123.59(D), which provides for the finding of actual dependency based on the facts of each particular case, either whole or in part, when there is no presumption. Based on its view of the statutory scheme, the commission contends that the SHO correctly applied R.C. 4123.59 by considering all of the evidence and concluding that claimant was a presumed partial dependent entitled to $3,000 under subsection (D).

{¶ 35} The magistrate agrees with the commission's reading of R.C. 4123.59(D). Although the SHO's use of terminology not included in the statute unnecessarily creates an opportunity to question the order, the commission's ultimate determination and under what statutory section it proceeded are, nevertheless, clear. The SHO's April 22, 2021, order uses the phrase "presumed to have been partially dependent upon." Certainly, "partially dependent" sounds like "partly dependent," the terminology used in R.C. 4123.59(C). However, because the SHO found that claimant was "presumed" to be partially dependent and awarded the sum of $3,000, it is apparent that the SHO was making a finding pursuant to R.C. 4123.59(D). Subsection (D) uses the phrase "presumed that there is sufficient dependency," and the SHO's use of this phrase would have avoided claimant's present assertion that the SHO conflated subsections (C) and (D). Nevertheless, the magistrate finds it clear that the SHO was referring to the presumption-of-dependency option included in R.C. 4123.59(D) when analyzing the claimant's level of dependency, given the use of the word "presumed" and the award of $3,000.

{¶ 36} Claimant's argument that R.C. 4123.59(D) relates solely to wholly dependent persons is without merit. Initially, it is true that subsection (D) begins with "[t]he following persons are presumed to be wholly dependent for their support upon a deceased employee[.]" Subsections (D)(1) and (D)(2) then describe the two types of specific familial relationships that are presumed to be wholly dependent upon a decedent; namely, a surviving spouse and a child, respectively. However, in three separate paragraphs after subsection (D)(2), the statute addresses other situations. The first paragraph after subsection (D)(2), which is at issue here, addresses another type of familial relationship that may be presumed to be dependent: a surviving natural parent with whom the decedent was living at the time of the decedent's death. This paragraph uses the imprecise phrase

"sufficiently dependent" because even if a surviving natural parent cannot demonstrate whole or part dependency under one of the other sections of R.C. 4123.59, the surviving natural parent can still obtain some compensation if the parent is living with the decedent. The living arrangement presumes "sufficient" dependency. Here, the SHO explicitly concluded that claimant did not prove she was wholly dependent upon her son, but their living circumstances at the time of decedent's death were enough to qualify for a presumption of sufficient dependency. Having specifically found claimant was not "wholly" dependent upon the decedent, the SHO used the term "partially" to describe their level of dependency. The SHO only had to believe claimant, as a surviving natural parent, was living with the decedent at the time of his death for the presumption to apply. That the SHO described the dependency as "partial[ ]" was superfluous. Nevertheless, given that the record included evidence that claimant and the decedent's lives were financially and socially intermingled to some degree, the SHO could reasonably describe claimant's relationship with the decedent as being "partially dependent" while that dependence still did not rise to the level of being "partly dependent" to trigger an award under R.C. 4123.59(D).

{¶ 37} The other two paragraphs in R.C 4123.59(D) also make evident that subsection (D) does not relate solely to wholly dependent persons, as argued by claimant. The second paragraph speaks to prospective dependency and limits total awards in such cases to $3,000, without reference to being wholly dependent. The third paragraph directs, in all other circumstances, the question of dependency, "in whole or in part," must be determined in accordance with the facts in each particular case existing at the time of the injury. Thus, the third paragraph specifically concerns situations that are not limited solely to wholly dependent persons. For these reasons, the magistrate finds that the SHO properly determined the presumption in R.C. 4123.59(D) applied to claimant's circumstances.

{¶ 38} Claimant next argues that the SHO's order does not contain some evidence to support the order. Claimant asserts that merely because the SHO order specifies a payment of $3,000 does not alone constitute some evidence to support the order under R.C. 4123.59(D). The issue claimant raises in this argument was already addressed in discussing claimant's first argument above. That the SHO awarded claimant $3,000 is not the only "evidence" to support a finding that the SHO made the award under

R.C. 4123.59(D) rather than R.C. 4123.59(C). The SHO also found that claimant was "presumed" to be partially dependent. In addition to the awarded sum of $3,000, that the SHO used the term "presumed" points to the conclusion that the SHO's finding was pursuant to the presumption afforded in R.C. 4123.59(D). Again, the SHO's use of subsection (D)'s phraseology "presumed that there is sufficient dependency" would have eliminated claimant's concern that the SHO conflated subsections (C) and (D), but it is otherwise clear by the order that the SHO was referring to the presumption included in R.C. 4123.59(D) when analyzing the claimant's level of dependency, given the use of the word "presumed" and the award of $3,000. Therefore, claimant's second argument is without merit, and the commission did not abuse its discretion when it found claimant was entitled to an award under R.C. 4123.59(D).

{¶ 39} Accordingly, it is the magistrate's recommendation that this court deny claimant's petition for writ of mandamus.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.